■ WILLIAM J. LAZICH, Appellant-Respondent, v VITTORIA & PARKER et al., Respondents-Appellants, and JANICE M. LAZICH, Respondent.—In an action to recover damages arising, *inter alia,* from fraud, conspiracy to defraud, intentional and negligent infliction of emotional distress, and violations of Judiciary Law § 487, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Burrows, J.), dated April 10, 1992, as denied his cross motion for the recusal of Justice Burrows, and imposition of costs and sanctions against the defendants, and which granted the defendants' motion to dismiss the complaint, and the defendants Vittoria & Parker and members of the firm of Vittoria & Parker cross-appeal from so much of that order as denied their motion to impose sanctions upon the plaintiff and to issue a temporary restraining order enjoining the plaintiff from bringing further actions against the defendants without prior leave of the court.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

This action arises from proceedings that are currently pending in an action for divorce between the plaintiff and the defendant Janice Mary Lazich *(see, Lazich v Lazich,* 189 AD2d 750 [decided herewith]). The remaining defendants are the

members of the law firm representing the wife in the matrimonial action. In essence, the husband has alleged that certain actions taken by the wife and her law firm during the pendency of the divorce action amount to fraud, conspiracy to defraud, intentional and negligent infliction of emotional distress, and violations of Judiciary Law § 487.

An essential element of fraud is reliance by a complaining party upon false statements knowingly made by the defendant (see, Jo Ann Homes v Dworetz, 25 NY2d 112; Brown v Lockwood, 76 AD2d 721). All the statements and actions complained of were undertaken in the course of adversarial proceedings and were fully controverted. Therefore, the plaintiff cannot and has not asserted the requisite reliance required for fraud. As there was no fraud, there could be no conspiracy to defraud.

In addition, all the statements and conduct complained of were well within the bounds of the adversarial proceeding and were not outrageous or egregious in any way. Therefore, they do not support a cause of action sounding in intentional infliction of emotional distress (see, Freihofer v Hearst Corp., 65 NY2d 135) or negligent infliction of emotional distress (see, Johnson v State of New York, 37 NY2d 378) or constitute a violation of Judiciary Law § 487 (see, Michalic v Klat, 128 AD2d 505; Wiggin v Gordon, 115 Misc 2d 1071). Further, the conduct of neither party warranted sanctions under 22 NYCRR subpart 130-1 (see, Miller v Keeffe, 164 AD2d 933).

Although this action is without merit, the litigious conduct of the plaintiff is not sufficient to warrant an injunction preventing further action without leave of court (see, e.g., Martin-Trigona v Capital Cities/ABC, 145 Misc 2d 405; Matter of Winters v Gould, 143 Misc 2d 44; Muka v Hancock, Estabrook, Ryan, Shove & Hust, 120 Misc 2d 146).

The parties' remaining contentions are without merit. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.