09-2135-cv
Haggerty v. Ciarelli & Dempsey

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

PRESENT:  REENA RAGGI,
           PETER W. HALL,
                *Circuit Judges*,
           GREGORY W. CARMAN,
                *Judge*.[*]

----------------------------------------------------------------------------

ROBERT H. HAGGERTY,

                *Plaintiff-Appellant*,

      v.                            No. 09-2135-cv

CIARELLI & DEMPSEY,

                *Defendant-Appellee*.

----------------------------------------------------------------------------

FOR APPELLANT:          ROBERT H. HAGGERTY, *pro se*, Vero Beach, Florida.

APPEARING FOR APPELLEE:      NICOLE FEDER, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, New York.

---

[*] Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 9, 2009, is AFFIRMED.

Pro se plaintiff Robert H. Haggerty, an attorney who had a state lawsuit dismissed for failure to appear at a discovery conference, sued the opposing law firm in that case, Ciarelli & Dempsey, for common law fraud and violation of New York Judiciary Law § 487 based on purported misrepresentations to the state court that Haggerty's suit was "for deceit rather than rescission," and that "discovery was incomplete when it was not so." Compl. ¶ 7. Haggerty now appeals from the dismissal of his federal complaint for failure to state a claim. See Fed R. Civ. P. 12(b)(6). We review the dismissal de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor. See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     New York Judiciary Law § 487

New York Judiciary Law § 487 gives an injured party a cause of action against an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." Even assuming that defendant mis-characterized plaintiff's state claims and requested an unnecessary discovery conference,

2

plaintiff's complaint fails because it nowhere plausibly alleges an intent to deceive the court. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Amalfitano v. Rosenberg, 12 N.Y.3d 8, 14, 874 N.Y.S.2d 868, 871 (2009) (noting that § 487 "focuses on the attorney's intent to deceive"); Moormann v. Perini & Hoerger, 65 A.D.3d 1106, 1108, 886 N.Y.S.2d 49, 50 (2d Dep't 2009) ("A violation of Judiciary Law § 487 requires an intent to deceive . . . ."). New York does not readily assume such intent from conduct falling "well within the bounds of the adversarial proceeding." Lazich v. Vittoria & Parker, 189 A.D.2d 753, 754, 592 N.Y.S.2d 418, 419 (2d Dep't 1993); see also Michalic by Nakovics v. Klat, 128 A.D.2d 505, 506, 512 N.Y.S.2d 436, 437-38 (2d Dep't 1987) ("Inasmuch as the defendant attorneys were acting on behalf of their clients, even with a liberal reading of the allegations in the causes of action asserted in the amended complaint, the attorneys' conduct cannot fairly be considered as fraudulent, malicious, tortious, or the proximate cause of the plaintiffs' claimed damages."). Here, as the district court observed, defendant's challenged actions appear to have been pursued to clarify ambiguities in Haggerty's claim. Thus, in the absence of a plausible pleading of deceitful intent, the district court correctly dismissed plaintiff's § 487 claim.

2.    Common Law Fraud

To state a claim for common law fraud in New York, a plaintiff must allege "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2d Cir. 1997); see also Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559, 883 N.Y.S.2d 147, 150 (2009).  For reasons already discussed, we conclude that plaintiff failed plausibly to plead that defendant's challenged conduct was undertaken with the requisite intent to defraud either the state court or Haggerty.  Moreover, plaintiff cannot plausibly plead reasonable reliance or causation, as a reasonable party engaged in litigation would certainly have appeared at the discovery conference to contest any putative misrepresentations made by his adversary.

Finally, absent a larger fraudulent scheme not present here, New York does not permit a party collaterally to attack a judgment through a fraud claim predicated on misstatements made in the earlier proceeding.  Rather, the plaintiff must appeal or move to vacate the challenged judgment. See Newin Corp. v. Hartford Accident & Indem. Co., 37 N.Y.2d 211, 217, 371 N.Y.S.2d 884, 889 (1975); Specialized Indus. Servs. Corp. v. Carter, 68 A.D.3d 750, 751-52, 890 N.Y.S.2d 90, 92 (2d Dep't 2009).[1]

---

[1] Plaintiff did attempt to appeal here, but the New York Supreme Court, Appellate Division, dismissed the appeal because it does not have jurisdiction to hear an appeal from a default judgment. See N.Y. C.P.L.R. § 5511 ("An aggrieved party . . . may appeal from any

Because we conclude that plaintiff has not stated a claim for deceit under New York Judiciary Law § 487 or for common law fraud, we need not address defendant's alternative argument that plaintiff's claims are barred by the statute of limitations.

We have considered plaintiff's remaining arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court and DISMISS plaintiff's applications for a default judgment, sanctions, and attorney's fees as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

appealable judgment or order except one entered upon the default of the aggrieved party." (emphasis added)); Haggerty v. Charlie's, Inc., 15 A.D.3d 620, 789 N.Y.S.2d 906 (2d Dep't 2005). Nevertheless, plaintiff could have moved to vacate the judgment under N.Y. C.P.L.R. 5015.

Insofar as plaintiff relies on Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 389 N.Y.S.2d 314 (1976), in arguing that his state claim was improperly dismissed, this court cannot easily entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Even if Haggerty could clear this hurdle, Rovello does not appear to afford him relief as his state action was not dismissed under N.Y. C.P.L.R. 3211(a)(7) for failure to state a cause of action, but under the Uniform Rules for New York State Trial Courts for failure to appear for a scheduled hearing.

5