■ Faramarz Nabatkhorian, Respondent, v Katrin Nabatkhorian et al., Defendants, and Eliyahu Ben Chaim, Appellant. [7 NYS3d 479]—

In an action, inter alia, to recover damages for fraud and aiding and abetting fraud, the defendant Rabbi Eliyahu Ben Chaim appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated November 15, 2013, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging aiding and abetting fraud insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging aiding and abetting fraud insofar as asserted against him is granted.

To plead a cause of action to recover damages for aiding and abetting fraud, a complaint must allege the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud (see *High Tides, LLC v DeMichele*, 88 AD3d 954, 960 [2011]; *Oster v Kirschner*, 77 AD3d 51, 55 [2010]; *Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009]). Here, the complaint failed to adequately allege the existence of an underlying fraud. A plaintiff asserting a cause of action alleging fraud must plead all of the following elements: (1) a material misrepresentation or a material omission of fact which was false and which the defendant knew to be false, (2) made for the purpose of inducing the plaintiff to rely upon it, (3) the plaintiff's justifiable reliance on the misrepresentation or material omission, and (4)

injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413 [1996]; *Northeast Steel Prods., Inc. v John Little Designs, Inc.*, 80 AD3d 585, 585 [2011]; *E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2004]; *Shao v 39 Coll. Point Corp.*, 309 AD2d 850, 851 [2003]). In addition, in any action based upon fraud, "the circumstances constituting the wrong shall be stated in detail" (*P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [2003] [internal quotation marks omitted]; *see* CPLR 3016 [b]). "[A]n essential element of any fraud [claim] is that there must be reasonable reliance, to a party's detriment, upon the representations made" by the defendant against whom the fraud claimed has been asserted (*Water St. Leasehold LLC v Deloitte & Touche LLP*, 19 AD3d 183, 185 [2005]; *see KNK Enters., Inc. v Harriman Enters., Inc.*, 33 AD3d 872, 872 [2006]; *Harris v Camilleri*, 77 AD2d 861, 863 [1980]). The plaintiff must show a belief in the truth of the representation and a change of position in reliance on that belief (*see Lama Holding Co. v Smith Barney*, 88 NY2d at 421; *KNK Enters., Inc. v Harriman Enters., Inc.*, 33 AD3d at 872).

Here, affording the pleadings a liberal construction, and accepting the facts alleged in the complaint as true, with the plaintiff accorded the benefit of every favorable inference (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint fails to allege any material misrepresentation upon which the plaintiff reasonably relied to his detriment (*see Matthews v Schusheim*, 42 AD2d 217, 221 [1973], *affd* 35 NY2d 686 [1974]).

As a cause of action for aiding and abetting fraud cannot lie without the underlying fraud having been sufficiently pleaded, the Supreme Court should have granted that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging aiding and abetting fraud insofar as asserted against him (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *High Tides, LLC v DeMichele*, 88 AD3d at 960-961). Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.