MIRIAM HERSH et al., Respondents-Appellants, v ELIZABETH REBECCA COHEN et al., Defendants, and ZVI GLUCK, Appellant-Respondent. [16 NYS3d 606]—

In an action, inter alia, to recover damages for prima facie tort, the defendant Zvi Gluck appeals, as limited by his brief and a letter dated April 29, 2015, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated March 2, 2011, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action, which alleged prima facie tort, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of his motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and third causes of action, which alleged tortious interference with contract and tortious interference with prospective business relations, respectively.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Zvi Gluck which was to dismiss the first cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of aciton, the complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (*see Leon v Martinez*,

84 NY2d 83, 87 [1994]). "Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 654 [2014]; *Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 679 [2009]).

In the instant amended complaint, the plaintiffs alleged, inter alia, that they have twin boys who were "born with disabilities requiring special needs" and that the defendants reported to numerous parties that the boys were being abused by the plaintiffs, causing criminal and social services investigations to be conducted. They further alleged that, in October 2007, the plaintiff Michael Hersh accepted a position as CEO of Chevra Hatzalah (hereinafter Hatzalah), a not-for-profit Orthodox Jewish volunteer ambulance corps, and that the written employment contract provided that he could only be terminated for cause. The amended complaint also alleged that the defendant Zvi Gluck, acting in concert with certain codefendants, "set up many websites" featuring Michael Hersh's photograph and implying that he was a child abuser, and issuing a "call to action," to exert pressure on the plaintiffs, urging hundreds of teenagers across the country, via social media sites, to picket and protest in front of the plaintiffs' home, to call the plaintiffs at all hours, and to take any steps necessary to "convince" Michael Hersh to remove one of his twin sons from a specialized school to which he was sent. The amended complaint alleged that Gluck and certain codefendants "attempt[ed] to organize a large public protest on the Jewish Sabbath in front of the prominent synagogue" to which the plaintiffs belonged and that Gluck and certain codefendants told the plaintiffs' neighbors that the plaintiffs were child abusers and encouraged the neighbors to confront the plaintiffs. The amended complaint also alleged that, at the request of Gluck and certain codefendants, individuals approached many of Michael Hersh's business associates, investors, and potential investors in Israel and the United States to harass them regarding their continued relationship with the plaintiffs.

Regarding Michael Hersh's employment contract with Hatzalah, the amended complaint alleged, inter alia, that Gluck, a member of Hatzalah, sent an anonymous email to virtually the entire Hatzalah membership on three separate occasions urging them to view the websites accusing Michael Hersh of being abusive, disseminated the story to various

media outlets, causing the plaintiffs to gain "wide notoriety" in New York's Orthodox Jewish community, caused anonymous people to demand that Hatzalah fire Michael Hersh from his position as CEO, and caused wealthy and powerful Orthodox community members to contact the Hatzalah board to warn that Hatzalah stood to lose millions of dollars in funding if Michael Hersh's employment was not terminated. The amended complaint alleged that, because of the defendants' "concerted efforts," "Hatzalah was induced to terminate Mr. Hersh without cause. Since Mr. Hersh had done nothing wrong and had only performed his duties at Hatzalah with honor and distinction, Hatzalah gave him the option of resigning rather than be fired. The sole reason for Mr. Hersh's termination was the actions of defendants as aforesaid."

The Supreme Court properly granted that branch of Gluck's motion which was to dismiss the third cause of action, which alleged tortious interference with prospective business relations. The plaintiffs made only conclusory allegations, which were insufficient to state a cause of action for tortious interference with prospective business relations (see *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 490 [1995]).

The amended complaint adequately alleged the elements of prima facie tort. Thus, the Supreme Court properly denied that branch of Gluck's motion which was to dismiss the sixth cause of action (see *Diorio v Ossining Union Free School Dist.*, 96 AD3d 710, 712 [2012]).

However, the Supreme Court should have denied that branch of Gluck's motion which was to dismiss the first cause of action, which alleged tortious interference with contract. The elements of tortious interference with a contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; see *Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 679 [2009]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 476 [2009]). The amended complaint sufficiently sets forth a cause of action based on tortious interference with a contract, alleging, in pertinent part, that Gluck's intentional interference with the subject employment contract rendered performance impossible. Accordingly, the Supreme Court should have denied that branch of Gluck's motion which was to dismiss the first cause of action (see *generally Rockwell Global Capital, LLC v Soreide Law Group, PLLC*,

100 AD3d 448 [2012]; *Bernberg v Health Mgt. Sys.*, 303 AD2d 348, 349 [2003]; *National Football League Props., Inc. v Dallas Cowboys Football Club, Ltd.*, 922 F Supp 849, 856 [SD NY 1996]; *Museum Boutique Intercontinental, Ltd. v Picasso*, 886 F Supp 1155, 1163 [SD NY 1995]). Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.