GINSBURG DEVELOPMENT COMPANIES, LLC, Respondent-Appellant, v DONALD J. CARBONE et al., Appellants-Respondents. (And a Third-Party Action.) [22 NYS3d 485]—

In an action to recover damages for fraud, violation of Judiciary Law § 487, legal malpractice, aiding and abetting the breach of a fiduciary duty, aiding and abetting fraud, and negligent misrepresentation, (1) the defendants appeal from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 8, 2013, as denied those branches of their motion which were for summary judgment dismissing the second, third, and fourth causes of action, and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motion which were for summary judgment dismissing the first, fifth, and sixth causes of action, (2) the plaintiff appeals, as limited by its brief, from so much of an order of the same court, also dated July 8, 2013, as denied those branches of its motion which were for summary judgment on the issue of liability on the fourth and sixth causes of action, and (3) the plaintiff appeals, as limited by its brief, from so much of an order of the same court dated November 27, 2013, as denied its motion for leave to renew its opposition to those branches of the defendants' motion which were for summary judgment dismissing the first, fifth, and sixth causes of action, and those branches of its prior motion which were for summary judgment on the issue of liability on the fourth and sixth causes of action.

Ordered that the first order dated July 8, 2013, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated July 8, 2013, and the order dated November 27, 2013, are affirmed insofar as appealed from, without costs or disbursements.

An operating agreement of The Pinnacle-Westchester, LLC

(hereinafter Pinnacle), dated December 17, 2003, was entered into by, among others, Ridgemour Meyer Properties, LLC (hereinafter RMP), and the plaintiff, Ginsburg Development Companies, LLC (hereinafter GDC). Essentially, Pinnacle was formed for the purpose of building a residential apartment complex with commercial/retail space and a parking garage on property located in White Plains. Pinnacle's members were RMP and GDC.

Eventually, RMP and GDC, which were deadlocked over whether to proceed or to dissolve Pinnacle, engaged in arbitration. The defendant Donald J. Carbone, an attorney and member of the defendant Goetz Fitzpatrick, LLP (hereinafter GF), and GF represented RMP in the arbitration. The arbitration included more than one year of discovery and motion practice, and eight days of hearings. On June 18, 2008, the arbitrator decided that Pinnacle should be dissolved. The arbitrator decided, in effect, that certain parcels of real property would be transferred from Pinnacle to RMP so that RMP could develop the property. The arbitrator rendered an oral decision at a hearing on June 19, 2008, that a mortgage would be placed on the parcels, with RMP as mortgagor and GDC as mortgagee, to secure repayment of money GDC invested or expended on Pinnacle's behalf. The mortgage would secure a note, and the mortgage and the note might be increased or decreased by an amount the arbitrator determined in an award relating to the damages claims in the arbitration.

GDC asserts that, as directed by the arbitrator, the parties negotiated the terms of the mortgage and related protections. According to GDC, on June 30, 2008, a party connected to RMP executed draft deeds to the properties, those draft deeds having been sent to the offices of Carbone and GF by GDC's attorney, thereby transferring Pinnacle's interest in the properties to RMP. GDC alleges that this execution of the deeds was done on the advice of Carbone and GF. GDC claims that between June 30, 2008, and July 31, 2008, neither Carbone nor anyone else at GF disclosed to GDC or to the arbitrator that the draft deeds had been executed. GDC asserts that Carbone and GF misrepresented to GDC and the arbitrator that Carbone and GF were negotiating the terms of the mortgage and related documents in good faith in preparing for the conveyance of the properties from Pinnacle to RMP, when, in fact, Carbone and GF knew that title to the properties had been transferred. On July 31, 2008, GDC discovered that the deeds had been executed and delivered to the Westchester County Clerk to be recorded. GDC sought relief from the arbitrator.

On August 4, 2008, the arbitrator wrote, inter alia, that RMP was required to provide personal guarantees for the full amount of the mortgage, that RMP was to secure a letter of credit in a certain amount, and that RMP had until August 12, 2008, to return signed documents and produce a letter of credit. On August 8, 2008, GDC commenced this action. On August 11, 2008, RMP, allegedly acting on the advice of Carbone and GF, filed a voluntary petition for relief in the United States Bankruptcy Court. Ultimately, GDC agreed, in exchange for a payment in a stated amount, to release any and all claims relating to Pinnacle that GDC had against RMP. However, GDC specifically reserved all rights to claims that it had against Carbone and GF.

A second and a third amended complaint were filed in this action naming Carbone and GF as the only defendants. GDC moved for summary judgment on the issue of liability on certain causes of action. Carbone and GF moved for summary judgment dismissing the third amended complaint. By order dated July 8, 2013, the Supreme Court denied GDC's motion. By another order dated July 8, 2013, the court granted those branches of the motion of Carbone and GF which were for summary judgment dismissing the first, fifth, and sixth causes of action, and denied those branches of the motion of Carbone and GF which were for summary judgment dismissing the second, third, and fourth causes of action. By order dated November 27, 2013, the court denied GDC's motion for leave to renew.

The Supreme Court properly granted that branch of the motion of Carbone and GF which was for summary judgment dismissing the first cause of action, which alleged fraud. "In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). To show reliance, a party "must demonstrate that [it] was induced to act or refrain from acting to [its] detriment by virtue of the alleged misrepresentation or omission" (*Shea v Hambros PLC*, 244 AD2d 39, 46 [1998] [internal quotation marks and brackets omitted]). Here, in opposition to the prima facie showing of Carbone and GF of their entitlement to judgment as a matter of law, GDC failed to raise a triable issue of fact as to whether it was induced to act or refrain from acting to its detriment due to any alleged misrepresentation or

omission (*see JAF Partners, Inc. v Rondout Sav. Bank*, 72 AD3d 898, 899 [2010]).

The Supreme Court properly denied that branch of the motion of Carbone and GF which was for summary judgment dismissing the second cause of action, which alleged violation of Judiciary Law § 487. Judiciary Law § 487 provides, in part, that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is guilty of a misdemeanor, and, additionally, "forfeits to the party injured treble damages, to be recovered in a civil action." Here, in opposition to the prima facie showing of Carbone and GF of their entitlement to judgment as a matter of law, GDC raised a triable issue of fact as to whether Carbone and GF intentionally deceived GDC (*see Moormann v Perini & Hoerger*, 65 AD3d 1106, 1108 [2009]).

The Supreme Court properly denied that branch of the motion of Carbone and GF which was for summary judgment dismissing the third cause of action, which alleged legal malpractice. "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*id.* at 442). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Alizio v Feldman*, 82 AD3d 804, 804 [2011]). Here, Carbone and GF did not make a prima facie showing of their entitlement to judgment as a matter of law, since they failed to show that GDC was unable to prove at least one of the essential elements of its legal malpractice cause of action (*see Mueller v Fruchter*, 71 AD3d 650, 651 [2010]).

The Supreme Court properly denied that branch of the motion of Carbone and GF which was for summary judgment dismissing the fourth cause of action, which alleged aiding and abetting breach of fiduciary duty, and properly denied that branch of GDC's motion which was for summary judgment on the issue of liability on that cause of action. "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach

by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach" (*AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008] [internal quotation marks and citation omitted]). Here, neither Carbone and GF, nor GDC, demonstrated their prima facie entitlement to judgment as a matter of law.

The Supreme Court properly granted that branch of the motion of Carbone and GF which was for summary judgment dismissing the fifth cause of action, which alleged aiding and abetting fraud. The elements of a cause of action alleging aiding and abetting fraud are "an underlying fraud, [the] defendants' knowledge of this fraud, and [the] defendants' substantial assistance in the achievement of the fraud" (*High Tides, LLC v DeMichele*, 88 AD3d 954, 960-961 [2011]). Here, in opposition to the prima facie showing of Carbone and GF of their entitlement to judgment as a matter of law, GDC failed to raise a triable issue of fact.

The Supreme Court properly granted that branch of the motion of Carbone and GF which was for summary judgment dismissing the sixth cause of action, which alleged negligent misrepresentation, and properly denied that branch of GDC's motion which was for summary judgment on the issue of liability on that cause of action. On a cause of action alleging negligent misrepresentation, the plaintiff is required to demonstrate "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). In this case, Carbone and GF established their prima facie entitlement to judgment as a matter of law by showing that Carbone and GF lacked privity of contract with GDC, and had no special relationship with GDC approaching privity (*see Perfetto v CEA Engrs., P.C.*, 114 AD3d 835, 836 [2014]). GDC failed to raise a triable issue of fact in opposition.

Finally, because the new evidence GDC relied on in moving for leave to renew would not have changed the prior determinations, the Supreme Court properly denied GDC's motion for leave to renew (*see* CPLR 2221 [e] [2]). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.