Shenoy v Health (2018 NY Slip Op 04872)





Shenoy v Health


2018 NY Slip Op 04872


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


567 CA 17-02117

[*1]SADASHIV S. SHENOY, M.D., PLAINTIFF-RESPONDENT,
v
KALEIDA HEALTH, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. (APPEAL NO. 3.) 






HODGSON RUSS LLP, BUFFALO (CYNTHIA GIGANTI LUDWIG OF COUNSEL), FOR DEFENDANT-APPELLANT.
GARVEY & GARVEY, BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 1, 2017. The order denied the motion of defendant Kaleida Health for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed against defendant Kaleida Health.
Memorandum: Plaintiff commenced this action asserting causes of action against various defendants, including one against Kaleida Health (defendant) for tortious interference with business relations. We agree with defendant that Supreme Court erred in denying its motion to dismiss the complaint against it because "plaintiff did not adequately plead a cause of action for tortious interference with [business relations]. In such an action [t]he motive for the interference must be solely malicious, and the plaintiff has the burden of proving this fact' . . . Plaintiff, however, does not demonstrate any factual basis for [his] allegations of malice, other than suspicion. This conclusory allegation of malice is therefore insufficient to support such cause of action" (John R. Loftus, Inc. v White, 150 AD2d 857, 860 [3d Dept 1989]; see Hersh v Cohen, 131 AD3d 1117, 1119 [2d Dept 2015]; Maas v Cornell Univ., 245 AD2d 728, 731 [3d Dept 1997]). We therefore reverse the order, grant the motion, and dismiss the complaint against defendant. In light of our determination, defendant's remaining contentions are academic.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court