Nero v Fiore (2018 NY Slip Op 06755)





Nero v Fiore


2018 NY Slip Op 06755


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-03258
 (Index No. 19686/15)

[*1]Mike Tai Nero, appellant, 
v
Laura Fiore, respondent.


Mitchell Dranow, Sea Cliff, NY, for appellant.
Laura Fiore, Islip, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated February 25, 2016. The order, insofar as appealed from, granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging conversion, and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof granting that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss so much of the second cause of action as alleged tortious interference with contract, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, a trainer of protection and sporting dogs, and the defendant were involved in a romantic relationship. During the course of the relationship, they agreed to acquire a dog, which the plaintiff would train. In June 2013, an organization known as America's Best Dog Trainers (hereinafter America's Best) shipped a dog to the plaintiff. The plaintiff entered into a contract with America's Best (hereinafter the America's Best contract) for the purchase of the dog with the written understanding that the dog was being sold to him at a reduced price upon the condition that he personally train the dog to compete in protection dog sports. The defendant wrote a $1,200 check for the dog's purchase. After the plaintiff and the defendant ended their relationship, the defendant allegedly improperly and illegally took possession of the dog, prevented the plaintiff from continuing the dog's training, and deprived him of possession of the dog.
Thereafter, the plaintiff commenced this action, asserting a cause of action to recover damages for the defendant's alleged conversion of the dog. He also asserted a second cause of action, in effect, to recover damages for the defendant's alleged tortious interference with prospective business relations and tortious interference with the America's Best contract. The plaintiff moved, inter alia, to direct the defendant to relinquish custody, control, and possession of the dog, and the defendant cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court, inter alia, granted the cross motion, concluding that the defendant was entitled to dismissal of the complaint on both grounds. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must " accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d 83, 87). Moreover, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true (see Janusonis v Carauskas, 137 AD3d 1218, 1219; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rad & D'Aprile, Inc. v Arnell Constr. Corp., 159 AD3d 971, 972).
Applying these principles here, we disagree with the Supreme Court's determination to direct dismissal of the cause of action alleging conversion pursuant to CPLR 3211(a)(7). Two key elements of conversion are the plaintiff's (1) legal ownership or an immediate superior right of possession to a specific identifiable thing, and (2) the defendant's unauthorized dominion over the thing in question or interference with it, to the exclusion of the plaintiff's right (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50; Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777; Eight in One Pet Prods. v Janco Press, Inc., 37 AD3d 402, 402). Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently alleges that the plaintiff is the owner of the dog, that the defendant has unauthorized possession of the dog, and that the defendant has refused to return the dog.
Further, we disagree with the Supreme Court's determination to direct dismissal of so much of the second cause of action as alleged tortious interference with contract pursuant to CPLR 3211(a)(7). The elements of tortious interference with a contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Pacific Carlton Dev. Corp. v 752 Pac., LLC, 62 AD3d 677, 679; Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 476). The complaint, as supplemented by the plaintiff's affidavits, sufficiently alleges the elements of a cause of action to recover damages for tortious interference with a contract, including that the defendant's intentional interference with the America's Best contract rendered performance impossible (see Hersh v Cohen, 131 AD3d 1117, 1119; Rockwell Global Capital, LLC v Soreide Law Group, PLLC, 100 AD3d 448, 449).
However, we agree with the Supreme Court's determination to direct dismissal of so much of the second cause of action as alleged tortious interference with prospective business relations pursuant to CPLR 3211(a)(7). The plaintiff's conclusory allegations are insufficient to state a cause of action to recover damages for tortious interference with prospective business relations (see Hersh v Cohen, 131 AD3d at 1119; M.J. & K. Co. v Matthew Bender & Co., 220 AD2d 488, 490).
We disagree with the Supreme Court's determination to direct dismissal of the complaint pursuant to CPLR 3211(a)(1). A motion to dismiss pursuant to CPLR 3211(a)(1) should be granted only where the documentary evidence that forms the basis of the defense utterly refutes the plaintiff's factual allegations, and conclusively disposes of the plaintiff's claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Held v Kaufman, 91 NY2d 425, 430-431). To qualify as documentary evidence, the evidence "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 [internal quotation marks omitted]; see Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670, 671; Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 925).
Here, the evidence submitted by the defendant in support of the cross motion either did not constitute documentary evidence within the intendment of CPLR 3211(a)(1), or failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (see Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d at 778; Eisner v Cusumano Constr., Inc., 132 AD3d 940, 942; Rodolico v Rubin & Licatesi, P.C., 114 AD3d at 925).
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court