Sammy v Haupel (2019 NY Slip Op 02372)





Sammy v Haupel


2019 NY Slip Op 02372


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09815 
2016-10942
 (Index No. 700403/16)

[*1]Vanessa Sammy, appellant,
v
Frank Haupel, et al., respondents.


Christopher Renfroe, Forest Hills, NY, for appellant.
Steinberg & Cavaliere, LLP, White Plains, NY (Steven A. Coploff of counsel), for defendants-respondents Frank Haupel, Michael Schwarz, and DelBello Donnellan Weingarten Wise & Wiederkehr, LLP.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), respondent pro se and for respondents Thomas W. Hyland and Tina Zerilli.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of Judiciary Law § 487, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered August 16, 2016, and (2) an order of the same court entered September 22, 2016. The order entered August 16, 2016, insofar as appealed from, granted those branches of the motion of the defendants Thomas W. Hyland, Tina Zerilli, and Wilson Elser Moskowitz Edelman & Dicker, LLP, which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action insofar as asserted against them. The order entered September 22, 2016, insofar as appealed from, granted those branches of the motion of the defendants Frank Haupel, Michael Schwarz, and DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The events underlying this action relate to the plaintiff's purchase of real property in 2007. According to the plaintiff, Expedient Title, Inc. (hereinafter Expedient), as the authorized agent of First American Title Insurance Company (hereinafter First American), performed title closing services, including issuing title insurance to the plaintiff, for the plaintiff's purchase of the property. Ultimately, the plaintiff made a claim on that title insurance policy, the claim was denied, and the plaintiff commenced an action against Expedient and First American (hereinafter the claim denial action).
The plaintiff subsequently commenced this action against Thomas W. Hyland, Tina [*2]Zerilli, and Wilson Elser Moskowitz Edelman & Dicker, LLP (hereinafter collectively the Wilson Elser defendants), who had represented Expedient in the claim denial action, and against Frank Haupel, Michael Schwarz, and DelBello Donnellan Weingarten Wise & Wiederkehr, LLP (hereinafter collectively the DelBello defendants), who had represented First American in the claim denial action. The plaintiff alleged that through their representation of First American and Expedient, the defendants had (1) violated Judiciary Law § 487, (2) committed fraud, (3) filed a fraudulent instrument, (4) committed tortious interference with a contract, and (5) offered a false instrument for filing in the first degree.
The Wilson Elser defendants moved, and the DelBello defendants separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them. In separate orders, the Supreme Court granted the Wilson Elser defendants' motion and the DelBello defendants' motion. The plaintiff appeals from so much of each order as granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action.
An attorney is liable under Judiciary Law § 487(1) if he or she "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." "A cause of action alleging a violation of Judiciary Law § 487 must be pleaded with specificity" (Betz v Blatt, 160 AD3d 696, 698). "Judiciary Law § 487 focuses on the attorney's intent to deceive, not the deceit's success" (id. at 699 [internal quotation marks omitted]).
Here, the plaintiff did not state a cause of action alleging violations of Judiciary Law § 487. The plaintiff failed to set forth "with specificity," either in her complaint or in her papers opposing the motions, how the defendants knew or should have known that she did not sign the release upon which they relied in asserting affirmative defenses on behalf of their clients in the claim denial action (id. at 698). Even if the plaintiff had sufficiently pleaded this allegation, she "failed to allege sufficient facts to establish that the[ ] defendants intended to deceive the court" or the plaintiff (Klein v Rieff, 135 AD3d 910, 912; see Ticketmaster Corp. v Lidsky, 245 AD2d 142, 143; Thomas v Chamberlain, D'Amanda, Oppenheimer & Greenfield, 115 AD2d 999, 999-1000). The plaintiff's conclusory allegation that the defendants intended to deceive the court and the plaintiff in relying on the affirmative defense of release in the claim denial action was not sufficient to state a cause of action alleging a violation of Judiciary Law § 487 (see Betz v Blatt, 160 AD3d at 698; Kupersmith v Winged Foot Golf Club, Inc., 38 AD3d 847, 848). Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motions which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violations of Judiciary Law § 487 insofar as asserted against each of them.
"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Ginsburg Dev. Cos., LLC v Carbone, 134 AD3d 890, 892 [internal quotation marks omitted]). "To show reliance, a party must demonstrate that [it] was induced to act or refrain from acting to [its] detriment by virtue of the alleged misrepresentation or omission" (id. at 892 [internal quotation marks omitted]). "The plaintiff must show a belief in the truth of the representation and a change of position in reliance on that belief" (Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044; see Lazich v Vittoria & Parker, 189 AD2d 753, 754). "In addition, in any action based upon fraud, the circumstances constituting the wrong shall be stated in detail" (Nabatkhorian v Nabatkhorian, 127 AD3d at 1044 [internal quotation marks omitted]).
Here, the plaintiff also failed to state a cause of action alleging fraud. The plaintiff failed to allege facts that would support an inference that asserting affirmative defenses based on the plaintiff's purported release constituted knowing "misrepresentation or a material omission of fact which was false" (Ginsburg Dev. Cos., LLC v Carbone, 134 AD3d at 892 [internal quotation marks omitted]). The plaintiff also failed to allege facts that would support the element of justifiable reliance (see id.). Given that the plaintiff alleged that she did not sign the release, she could not also [*3]claim to have believed that the affirmative defense of release was true, nor could she claim to have "change[d her] position in reliance on that belief" (Nabatkhorian Nabatkhorian, 127 AD3d at 1044). Moreover, as in Lazich, the alleged statements—the assertion of an affirmative defense—"were undertaken in the course of adversarial proceedings and were fully controverted," further undermining any claim of reliance by the plaintiff (Lazich v Vittona & Parker, 189 AD2d at 754). The plaintiff's arguments regarding aiding and abetting fraud and conspiracy to commit fraud are improperly raised for the first time on appeal (see Walker v George, 97 AD3d 741, 741). Accordingly, we agree with the Supreme Court's grant of those branches of the defendants' motions which were to dismiss the cause of action alleging fraud insofar as asserted against each of them.
"The elements of tortious interference with a contract are: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Hersh v Cohen, 131 AD3d 1117, 1119 [internal quotation marks omitted]).
Here, the plaintiff failed to state a cause of action alleging tortious interference with contract. As to the DelBello defendants, the plaintiff's allegations did not raise an inference that their involvement in the initial investigation into the plaintiff's insurance claim amounted to an "intentional inducement of [First American or Expedient] to breach" that policy (id. at 1119 [internal quotation marks omitted]). As to the Wilson Elser defendants, the plaintiff's allegations did not support an inference that these defendants either had knowledge of the policy at the time of the alleged breach or that these defendants induced First American or Expedient to breach the insurance policy (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1354; Hersh v Cohen, 131 AD3d at 1119). Further, the plaintiff cannot "state a cause of action sounding in tortious interference with contract based on its allegation that the respondents procured . . . the continuation of the breach" during the claim denial action "since tortious interference with contract is not a continuing tort" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d at 1354 [internal quotation marks omitted]). In light of the foregoing, we need not reach the DelBello defendants' remaining contention. Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motions which were to dismiss the cause of action alleging tortious interference with contract insofar as asserted against each of them.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court