Axos Bank v Michael Gangi Plumbing & Heating Contrs., Inc. (2026 NY Slip Op 01175)

Axos Bank v Michael Gangi Plumbing & Heating Contrs., Inc.

2026 NY Slip Op 01175

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-05911
 (Index No. 502392/20)

[*1]Axos Bank, etc., respondent, 
vMichael Gangi Plumbing and Heating Contractors, Inc., etc., et al., defendants, Josephine Theisen, appellant.

Lanin Law, P.C., New York, NY (Scott L. Lanin of counsel), for appellant.
Carter Ledyard & Milburn LLP, New York, NY (Alexander G. Malyshev and Jacob H. Nemon of counsel), for respondent.

DECISION & ORDER
In an action to foreclose two mortgages, the defendant Josephine Theisen appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 28, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the counterclaims of the defendants Michael Gangi Plumbing and Heating Contractors, Inc., Rosario Gangi, Josephine Theisen, and Leonora Gangi insofar as asserted by Josephine Theisen.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2018, the defendant Michael Gangi Plumbing and Heating Contractors, Inc. (hereinafter Gangi Plumbing), by its president, the defendant Rosario Gangi (hereinafter Rosario), executed a business promissory note in the sum of $450,000 in favor of the plaintiff, which was secured by a mortgage on certain commercial property located in Bay Ridge, Brooklyn (hereinafter the Bay Ridge mortgage). Rosario, along with his sister, the defendant Josephine Theisen, executed the Bay Ridge mortgage agreement.
In October 2018, Gangi Plumbing, by Rosario, executed a business promissory note in the sum of $160,000 in favor of the plaintiff, which was secured by a mortgage on certain residential property located on 76th Street in Brooklyn (hereinafter the 76th Street mortgage). The 76th Street mortgage was executed by Rosario and his wife, the defendant Leonora Gangi (hereinafter Leonora).
In January 2020, the plaintiff commenced this action against, among others, Gangi Plumbing, Rosario, Theisen, and Leonora (hereinafter collectively the Gangi defendants) to foreclose the Bay Ridge and the 76th Street mortgages. The Gangi defendants interposed an amended answer asserting a counterclaim by the Gangi defendants alleging a violation of General Business Law § 349 (first counterclaim) and a counterclaim by Theisen alleging fraud (second counterclaim). The counterclaims centered on allegations of misrepresentations as to the existence of prepayment penalties.
The plaintiff moved pursuant to CPLR 3211(a)(7) to dismiss the Gangi defendants' counterclaims. In an order dated May 28, 2021, Supreme Court granted the motion. Theisen appeals from so much of the order as granted that branch of the motion which was to dismiss the counterclaims insofar as asserted by her.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, afford the plaintiff the benefit of every possible favorable inference, and "determine only whether the facts as alleged fit within any cognizable legal theory" (Lubonty v U.S. Bank N.A., 159 AD3d 962, 963 [internal quotation marks omitted], affd 34 NY3d 250; see Leon v Martinez, 84 NY2d 83, 87-88). "'Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (Lubonty v U.S. Bank N.A., 159 AD3d at 963, quoting Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1229).
To establish a cause of action under General Business Law § 349, a party must allege that (1) the offending parties' conduct was consumer oriented; (2) the offending parties' act or practice was deceptive or misleading in a material way; and (3) an injury was suffered as a result of the deception (see id. § 349[h]; Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 176). Accordingly, "'parties claiming the benefit of [General Business Law § 349(h)] must, at the threshold, charge conduct that is consumer oriented'" (Abraham v Torati, 219 AD3d 1275, 1280, quoting New York Univ. v Continental Ins. Co., 87 NY2d 308, 320). "'Private contract disputes, unique to the parties . . . [do] not fall within the ambit of the statute'" (id. at 1281, quoting Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; see New York Univ. v Continental Ins. Co., 87 NY2d at 320). The "'single shot transaction'" (Genesco Entertainment, a Div. of Lymutt Indus., Inc. v Koch, 593 F Supp 743, 752 [SD NY]), which is "tailored to meet the purchaser's wishes and requirements" (New York Univ. v Continental Ins. Co., 87 NY2d at 321), "'does not, without more, constitute consumer-oriented conduct for the purposes of this statute'" (Abraham v Torati, 219 AD3d at 1281, quoting North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 12).
Here, the first counterclaim, even liberally construed, merely alleged "'a private . . . dispute unique to the parties'" (id., quoting Silver v CitiMortgage, Inc., 162 AD3d 812, 814). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first counterclaim, alleging a violation of General Business Law § 349, insofar as asserted by Theisen (see Abraham v Torati, 219 AD3d at 1281; cf. North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 12-13).
Likewise, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second counterclaim, alleging fraud. "'[A]n essential element of any fraud [claim] is that there must be reasonable reliance, to a party's detriment, upon the representations made by the defendant against whom the fraud claim[ ] has been asserted'" (Goldberg v KOSL Bldg. Group, LLC, 236 AD3d 995, 997, quoting Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044). "'A party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence'" (id., quoting KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d 872, 872).
Here, the second counterclaim failed to allege facts from which it may be inferred that Theisen reasonably relied on a purported representation from a notary at the Bay Ridge mortgage closing that, in accordance with a HUD-1 statement, there would be no prepayment penalty associated with the Bay Ridge loan. As Theisen concedes on appeal, the Bay Ridge mortgage agreement that she signed indicated that, contrary to the above, there was in fact a prepayment penalty associated with the loan. Thus, the notary's alleged misrepresentation pertained to facts that Theisen could have and should have verified with her own due diligence (see id.).
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
BARROS, J.P., FORD, VENTURA and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court