PHILIP NOTARO, JR., Respondent, v PERFORMANCE TEAM et al., Appellants, et al., Defendant. [26 NYS3d 201]—

In an action, inter alia, to recover damages for breach of contract and tortious interference with contract, the defendants Performance Team, Richard Sapienza, Jr., Richard Sapienza, Sr., and Maria Gonzalez appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered July 18, 2014, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging tortious interference with contract, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff owns 50% of a New Jersey limited liability company called Dependable Air Freight & Forwarding Co., LLC (hereinafter Dependable). The other 50% owner of

Dependable was an individual named Steven Moses, who died in 2013, while this action was pending. Moses also owned 50% of another New Jersey limited liability company called Impac Logistics Services, LLC (hereinafter Impac). The other 50% owner of Impac is the defendant Richard Sapienza, Jr. (hereinafter Sapienza).

In 2000, the plaintiff, Moses, Sapienza, Dependable, and Impac entered into an agreement whereby they undertook to collaborate, on an exclusive basis, in certain areas of their respective businesses.

The plaintiff seeks to recover damages from Sapienza, inter alia, for breach of the agreement, whereas the other defendants, who are not parties to the agreement, are alleged, inter alia, to have tortiously interfered with the agreement.

Contrary to the appellants' contention, the Supreme Court properly denied that branch of their motion which was, in effect, to dismiss the complaint for lack of capacity and/or standing. The plaintiff seeks to recover damages for breach of the agreement, to which he is a party. The appellants have not conclusively established that the right to claim the damages sought by the plaintiff properly belongs solely to Dependable, and thus must be asserted by the plaintiff derivatively on behalf of Dependable under New Jersey law. Contrary to the appellants' contention, New Jersey law would not necessarily preclude the plaintiff from asserting such claims directly under the circumstances presented (*see Brown v Brown*, 323 NJ Super 30, 38-39, 731 A2d 1212, 1217 [1999]).

The Supreme Court also properly denied that branch of the appellants' motion which was to dismiss the complaint for failure to join Dependable as a necessary party (*see* CPLR 1001 [a], [b]; *Smith v Pasqua*, 110 AD3d 710 [2013]; *Keyspan Gas E. Corp. v Supervisor of Town of N. Hempstead*, 84 AD3d 741, 742 [2011]; *Scharaga v Schwartzberg*, 149 AD2d 578, 579 [1989]).

However, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging tortious interference with contract. "The elements of a cause of action to recover damages for tortious interference with contract are the existence of a valid contract between [the plaintiff] and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of that contract without justification, and damages" (*MVB Collision, Inc. v Allstate Ins. Co.*, 129 AD3d 1041, 1043 [2015]). Here, it is undisputed that the only contract forming the basis of the plaintiff's tortious interference cause of action is the agreement.

As to Sapienza, the allegation that he tortiously interfered with a contract to which he is a party "quite clearly does not state a legally sufficient cause of action" (*Ahead Realty LLC v India House, Inc.*, 92 AD3d 424, 425 [2012] [internal quotation marks omitted]). With respect to the remaining appellants, who are not parties to the agreement, the complaint, as drafted, attempts to plead a cause of action either for conspiracy with Sapienza to breach the agreement, or for aiding and abetting Sapienza's breach of the agreement, neither of which exists under New York law (*see Pomerance v McGrath*, 124 AD3d 481, 484 [2015]; *Purvi Enters., LLC v City of New York*, 62 AD3d 508, 509 [2009]). Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.