■ RONALD SAYLES, Plaintiff, v PENNY FERONE, Defendant/Third-Party Plaintiff-Respondent. ALAN DREZIN, ESQ., Third-Party Defendant-Appellant. [26 NYS3d 527]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 23, 2014, which denied the motion of third-party defendant Alan Drezin (Drezin) to dismiss the second and third causes of action of the third-party complaint, unanimously modified, on the law, to the extent of dismissing the third cause of action for breach of fiduciary duty, and otherwise affirmed, without costs.

An aiding and abetting cause of action must allege facts giving rise to a strong inference that the defendant actually knew of the underlying harm or was wilfully blind to it, and rendered substantial assistance, including concealing, or failing to act when required to do so, enabling the harm to proceed (see *Pomerance v McGrath*, 124 AD3d 481, 484-485 [1st Dept 2015], *lv dismissed* 25 NY3d 1038 [2015]). Here, the third-party complaint states a viable claim against Drezin, plaintiff's attorney, for aiding and abetting conversion by plaintiff in that Drezin allegedly took affirmative steps to prevent the proceeds from the sale of property from being distributed in accordance with a settlement agreement between plaintiff and third-party plaintiff. Drezin allegedly afforded substantial assistance to his client by concealing the sale of the property from third-party plaintiff and her attorney and directing the buyer to wire the sale proceeds directly into plaintiff's account at a small out-of-state bank, rather than depositing the proffered check into his escrow account.

However, the claim for breach of fiduciary duty is dismissed since there was no fiduciary relationship between Drezin and third-party plaintiff. The alleged fiduciary relationship rests exclusively on duties imposed on Drezin in the settlement agreement between plaintiff and third-party plaintiff, and a cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand (see *Morgenroth v Toll Bros., Inc.*, 60 AD3d 596, 597 [1st Dept 2009]). Concur—Friedman, J.P., Acosta, Renwick and Richter, JJ.