Long Is. Med. Anesthesiology, P.C. v Rosenberg Fortuna & Laitman, LLP (2021 NY Slip Op 01037)





Long Is. Med. Anesthesiology, P.C. v Rosenberg Fortuna & Laitman, LLP


2021 NY Slip Op 01037


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-07769
 (Index No. 600200/17)

[*1]Long Island Medical Anesthesiology, P.C., et al., appellants, 
v
Rosenberg Fortuna & Laitman, LLP, et al., respondents.


Law Offices of Paul D. Stone, P.C., Tarrytown, NY, for appellants.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with a contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered June 15, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiffs' cross motion pursuant to CPLR 3211(e) for leave to amend the complaint and pursuant to CPLR 3211(d) for leave to conduct disclosure.
ORDERED that the order is affirmed, with costs.
In 1998, the plaintiff Long Island Medical Anesthesiology, P.C. (hereinafter LIMA), which was wholly-owned by the plaintiff Richard Gabay, contracted with Long Island Medical & Gastroenterology Associates, P.C. (hereinafter LIMGA), a medical practice owned by Jay G. Merker, Stewart A. Robbins, and Nathan D. Schulman (hereinafter collectively the LIMGA shareholders), to be the exclusive provider of anesthesiology services for LIMGA (hereinafter the exclusivity agreement). In other actions not presently before this Court, LIMA and Gabay (hereinafter together the plaintiffs) have alleged, inter alia, that the LIMGA shareholders breached the exclusivity agreement.
In the present action, the plaintiffs assert that in May 2014, the LIMGA shareholders engaged the services of the defendant Rosenberg Fortuna & Laitman, LLP, in the persons of the defendants David Rosenberg and Brett Zinner (hereinafter collectively RFL), to facilitate transactions resulting in the replacement of the plaintiffs as the exclusive provider of anesthesiology services for LIMGA and, ultimately, to seize without compensation Gabay's shares in Day Op of North Nassau, Inc. (hereinafter Day Op). RFL moved pursuant to CPLR 3211(a)(3) and (7) to dismiss the complaint in this action. The plaintiffs opposed the motion, and cross-moved pursuant to CPLR 3211(e) for leave to amend the complaint and pursuant to CPLR 3211(d) for leave to conduct disclosure. The Supreme Court granted RFL's motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
As the Supreme Court observed in the order on appeal, it is not clear what claim the plaintiffs intended to assert in their first cause of action, nor did their proposed amended complaint, [*2]which labeled the cause of action "Intentional Wrongful Interference and Conduct," clarify their claim. The court reasonably read the first cause of action as asserting tortious interference with contractual relations or aiding and abetting tortious interference with contractual relations; fraud or aiding and abetting fraud; aiding and abetting conversion; violation of the Rules of Professional Responsibility; and/or conspiracy. The second and third causes of action asserted claims for legal malpractice and violation of Judiciary Law § 487, respectively.
As the Supreme Court noted, civil conspiracy is not recognized as a civil cause of action in New York (see Notaro v Performance Team, 136 AD3d 997, 999), nor does a violation of the Rules of Professional Responsibility, without more, support either an independent cause of action or a cause of action alleging legal malpractice, even where the alleged violation is a conflict of interest (see Doscher v Meyer, 177 AD3d 697, 699; DeStaso v Condon Resnick, LLP, 90 AD3d 809, 814). In any case, since RFL's retainer was signed only on behalf of the LIMGA shareholders, not on behalf of any entity in which Gabay or LIMA had a legal interest, RFL did not have a duty to the plaintiffs (see Strujan v Kaufman & Kahn, LLP, 168 AD3d 1114, 1115; Betz v Blatt, 160 AD3d 696, 698), and the alleged conflict of interest did not arise.
To the extent that the first cause of action asserts either tortious interference with contractual relations and/or aiding and abetting tortious interference with contractual relations, both the documentary evidence and the complaint itself defeat this claim. The plaintiffs allege that the LIMGA shareholders' wrongful acts began in 2009 and culminated in a breach of the exclusivity agreement in March or April of 2014, but the copy of RFL's retainer, which the plaintiffs themselves submitted, establishes that the LIMGA shareholders did not retain RFL until May 2014. Since RFL had not yet been retained at the time of the LIMGA shareholders' alleged wrongful acts, RFL could not have participated in or aided and abetted those actions (see Sayles v Ferone, 137 AD3d 486). The same reasoning applies to any claim that RFL aided and abetted fraud (see Betz v Blatt, 160 AD3d at 700; Goel v Ramachandran, 111 AD3d 783, 792). Furthermore, the complaint is not pleaded with the particularity necessary to sustain a cause of action alleging fraud (see CPLR 3016[b]; Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044).
To the extent that the plaintiffs claim that RFL aided and abetted conversion, their claim appears to rest on their allegation that the LIMGA shareholders wrongfully terminated the services of LIMA and Gabay at a special meeting of Day Op held on November 5, 2014, and attempted to seize Gabay's shares in Day Op for no consideration. Although this meeting occurred after RFL was retained, the complaint asserts only that the LIMGA shareholders attempted to seize Gabay's shares, not that they did so. In any event, since an attorney acting in good faith is not civilly liable for the acts of the client, the plaintiffs' claim is defeated by their failure to allege any facts that would demonstrate that, to the extent RFL assisted the LIMGA shareholders as alleged, RFL knew or should have known that the LIMGA shareholders' termination of the services of LIMA and Gabay and attempt to seize Gabay's shares was wrongful (see Art Capital Group, LLC v Neuhaus, 70 AD3d 605, 606; Mokay v Mokay, 67 AD3d 1210, 1212).
An attorney is liable under Judiciary Law § 487(1) if he or she "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." "'A cause of action alleging a violation of Judiciary Law § 487 must be pleaded with specificity'" (Sammy v Haupel, 170 AD3d 1224, 1225, quoting Betz v Blatt, 160 AD3d at 698). "Judiciary Law § 487 focuses on the attorney's intent to deceive, not the deceit's success" (Sammy v Haupel, 170 AD3d at 1225 [internal quotation marks omitted]; see Betz v Blatt, 160 AD3d at 699). Here, the Supreme Court correctly determined that, even accepting the plaintiffs' allegations as true and giving the complaint the benefit of every favorable inference (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d 595, 596), the plaintiffs failed to plead this cause of action with sufficient particularity to withstand a motion to dismiss.
CPLR 3211(d) provides that, where it appears "that facts essential to justify opposition [to a motion pursuant to CPLR 3211] may exist but cannot then be stated, the court may deny the motion . . . or may order a continuance to permit . . . disclosure to be had and may make such other order as may be just" (see Karpovich v City of New York, 162 AD3d 996, 998). Although [*3]whether to grant relief under this section lies within the discretion of the court (see Ying Jun Chen v Lei Shi, 19 AD3d 407, 408), "the mere hope that discovery may reveal facts essential to justify opposition 'does not warrant denial of the motion'" (Karpovich v City of New York, 162 AD3d at 998, quoting Cracolici v Shah, 127 AD3d 413, 413; see Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202). Here, the Supreme Court providently exercised its discretion in denying this branch of the plaintiffs' cross motion in light of their failure to identify particular evidence which would justify their opposition to the motion. The court likewise correctly determined that the plaintiffs' proposed amended complaint failed to remedy the defects in the original complaint, and therefore providently exercised its discretion in denying the branch of their cross motion which was for leave to amend the complaint (see Gurewitz v City of New York, 175 AD3d 655, 657; Morales v 1415, LLC, 171 AD3d 913, 915).
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court