SH575 Holdings LLC v Reliable Abstract Co., L.L.C. (2021 NY Slip Op 03427)





SH575 Holdings LLC v Reliable Abstract Co., L.L.C.


2021 NY Slip Op 03427


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 651246/19 Appeal No. 13984 Case No. 2020-02366 

[*1]SH575 Holdings LLC, Plaintiff-Appellant,
v
Reliable Abstract Co., L.L.C., et al., Defendants-Respondents, Richmond Stuyvesant Holdings, LLC, et al., Defendants.


Jonathan M. Proman, New York, for appellant.
Carter Ledyard & Milburn LLP, New York (Jacob H. Nemon of counsel), for Reliable Abstract Co., L.L.C. and Yakov Deckelbaum, respondents.
Law Offices of Erin E. Wietecha, Mineola (Erin E. Wietecha of counsel), for Jaysukhlal Domadia, respondent.
Gutman Weiss, P.C., Brooklyn (Dov B. Medinets of counsel), for Tissa 16th Corp., Tissa Funding Corp., and Howard Hershkovich, respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about April 21, 2020, which granted the CPLR 3211(a)(1) and (7) motions of defendants Reliable Abstract Co., L.L.C. (Reliable Abstract), Yakov Deckelbaum a/k/a Jacob Deckelbaum (Deckelbaum), Jaysukhlal Domadia a/k/a Jay Domadia a/k/a Jay Sukhlal J. Domadia (Domadia), Tissa 16th Corp. and Tissa Funding, Corp. (together Tissa) and Howard Hershkovich (Hershkovich) (collectively, the moving defendants) to dismiss the complaint as against them, unanimously affirmed, without costs.
Plaintiff commenced this action to recover $1 million that it had transferred into an IOLA attorney escrow account in connection with its purchase of real property in Staten Island from nonparty Liberty Towers Realty LLC, in Liberty Tower's bankruptcy proceeding. Plaintiff later canceled the transaction and demanded return of the funds from defendant Pincus David Carlebach (Carlebach), Liberty Towers' bankruptcy lawyer. However, as part of a Ponzi scheme, Carlebach had transferred most of plaintiff's funds out of the IOLA account to the moving defendants prior to plaintiff's demand upon him.
The court properly dismissed the claims for conversion. Where "a conversion claim is asserted with respect to money, the funds must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner" (Matter of Clark, 146 AD3d 495, 496 [1st Dept 2017], lv denied 29 NY3d 907 [2017]; Republic of Haiti v Duvalier, 211 AD2d 379, 384 [1st Dept 1995]). Plaintiff failed to show that the funds at issue were "specifically identifiable." An IOLA account is "an unsegregated interest-bearing deposit account with a banking institution for the deposit by an attorney of qualified funds" (Judiciary Law § 497; see also Lerner v Fleet Bank, N.A., 459 F3d 273, 281 [2d Cir 2006]). As the account is unsegregated, plaintiff's funds, upon their transfer therein, became commingled with monies that were already in it, rendering them no longer specifically identifiable (see McBride v KPMG Intl., 135 AD3d 576, 580 [1st Dept 2016]; Manufacturers Hanover Trust Co. v Chemical Bank, 160 AD2d 113, 125 [1st Dept 1990]; cf. Simpson & Simpson, PLLC v Lippes Mathias Wexler Friedman LLP, 130 AD3d 1543, 1544-1545 [4th Dept 2015]).
Even if the funds were specifically identifiable, plaintiff still failed to plead a claim. It is undisputed that plaintiff has not made demands for return of the funds upon the moving defendants (see State of New York v Seventh Regiment Fund, 98 NY2d 249, 260 [2002]; D'Amico v First Union Natl. Bank, 285 AD2d 166, 172 [1st Dept 2001]). Plaintiff's argument that a demand would have been futile is unpreserved.
The aiding and abetting conversion claims were properly dismissed, as plaintiff failed to adequately plead the moving defendants' knowledge of Carlebach's wrongdoing, or the moving defendants' substantial assistance in his scheme (William Doyle Galleries, [*2]Inc. v Stettner, 167 AD3d 501, 505 [1st Dept 2018]; Sayles v Ferone, 137 AD3d 486 [1st Dept 2016]). The relevant allegations were largely made upon information and belief, and based on conjecture.
While plaintiff correctly argues that it is entitled to plead claims in the alternative, it does not set forth any arguments explaining how its fraudulent conveyance claims under the then applicable version of Debtor and Creditor Law (DCL) §§ 276 and 276-a were properly pleaded. Plaintiff also failed to plead a claim under DCL 273. To the extent plaintiff relies on the moving defendants' knowledge of Carlebach's wrongdoing, plaintiff has not adequately pleaded it. Plaintiff also failed to allege that the transfers to the moving defendants were made without fair consideration (see DCL 272[a]; Ultramar Energy v Chase Manhattan Bank, 191 AD2d 86, 90-91 [1st Dept 1993]).
The quasi-contract claims for unjust enrichment and money had and received were also properly dismissed. Plaintiff has not alleged "a relationship between the parties that could have caused reliance or inducement" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 517 [2012]; see also Drazin v The Lesser Group, 2016 NY Slip Op 30958[U] [Sup Ct, Kings County 2016]). As the moving defendants were also victims of Carlebach's scheme, and received their funds in good faith, it would not be "against equity and good conscience" to permit them to retain them (Georgia Malone, 19 NY3d at 516; Parsa v State of New York, 64 NY2d 143, 148 [1984]).
The court properly dismissed the negligence claim. Plaintiff has not pleaded that the moving defendants owed a duty to it, and there is no basis to impose one here (see Strauss v Belle Realty Co., 65 NY2d 399, 402 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021