Shahid v Slochowsky & Slochowsky, LLP (2022 NY Slip Op 05346)

Shahid v Slochowsky & Slochowsky, LLP

2022 NY Slip Op 05346

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2018-06300
 (Index No. 10859/15)

[*1]Abdus Shahid, appellant, 
v
Slochowsky & Slochowsky, LLP, et al., respondents. Abdus Shahid, Brooklyn, NY, appellant pro se.

Slochowsky & Slochowsky, LLP, Brooklyn, NY (Charles Loveless pro se of counsel), respondent pro se.

DECISION & ORDER
In an action to recover damages for prima facie tort, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 20, 2018. The order, after a nonjury trial, directed dismissal of the amended complaint.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The plaintiff is the owner of a residential apartment building in Brooklyn (hereinafter the property). In or around 2010, several of the tenants commenced a proceeding to appoint an RPAPL article 7-A administrator for the property, alleging that the condition of the property was dangerous and hazardous, and included 290 violations issued by the New York City Department of Housing Preservation and Development. Following a hearing, Nikolaos Leonardos was appointed the 7-A administrator of the property, extensive repairs were made to the property, and liens were placed on the property for the cost of those repairs.
In 2011 and 2012, the plaintiff commenced actions, which were subsequently consolidated, against Leonardos, among others, alleging, inter alia, that Leonardos fraudulently inflated bills, purposefully destroyed the property, collected rent but did not account for it, and failed to pay taxes, utilities, or liens (hereinafter the consolidated action). After a nonjury trial, the Supreme Court found that the plaintiff had not proven any of his causes of action and dismissed the complaint.
In the consolidated action, Leonardos was represented by Slochowsky & Slochowsky, LLP (hereinafter Slochowsky), and the plaintiff was, at different times, pro se, represented by Gelb & Black, P.C. (hereinafter Gelb), or represented by Zeltser Law Group, PLLC (hereinafter Zeltser). Following dismissal of the consolidated action, the plaintiff commenced this action against Slochowsky, Gelb, and Zeltser, alleging that Slochowsky engaged in wrongful conduct with Gelb and Zeltser, which caused the plaintiff to proceed pro se at trial, to lose the consolidated action, and to suffer monetary loss. The amended complaint asserted a cause of action, in effect, alleging prima [*2]facie tort. After a nonjury trial, the Supreme Court determined that the plaintiff had failed to prove a prima facie case. In an order dated March 20, 2018, the court directed dismissal of the amended complaint. The plaintiff appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court "may render the judgment it finds warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see Rodriguez v State of New York, 166 AD3d 922, 923; DePaula v State of New York, 82 AD3d 827).
"The requisite elements of a cause of action for prima facie tort are (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" (Freihofer v Hearst Corp., 65 NY2d 135, 142-143; see Curiano v Suozzi, 63 NY2d 113, 117-118; Yang v Northwell Health, Inc., 195 AD3d 662, 666). Special damages "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts" (Luciano v Handcock, 78 AD2d 943, 944; see Epifani v Johnson, 65 AD3d 224, 233). Here, the plaintiff failed to demonstrate that any losses he allegedly suffered were causally related to an act or series of acts on the part of the defendants. Accordingly, the Supreme Court properly directed dismissal of the amended complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court