Angeli v Barket (2022 NY Slip Op 07213)

Angeli v Barket

2022 NY Slip Op 07213

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-04459
 (Index No. 607788/19)

[*1]Toni Marie Angeli, appellant,
v
Bruce Barket, et al., respondents.

Glynn Mercep and Purcell, LLP, Stony Brook, NY (A. Craig Purcell of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Greg S. Zucker and Annie P. Kubic of counsel), for respondent Bruce Barket.
Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman of counsel), for respondent Barket, Epstein, Kearon, Aides & Loturco, LLP.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 14, 2020. The order granted the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In 1997, the defendant Bruce Barket, an attorney, opened a law firm, nonparty Law Office of Bruce A. Barket, P.C. (hereinafter BAB). In 2002, nonparty Martin Tankleff retained BAB and other law firms to pursue vacatur of two judgments of criminal conviction rendered against him in 1990. These efforts were ultimately successful, as this Court vacated the judgments in 2007 (see People v Tankleff, 49 AD3d 160, 161-162). Tankleff thereafter retained BAB and two other law firms to pursue actions, inter alia, to recover damages for wrongful conviction.
During the course of his representation of Tankleff, Barket was affiliated with four law firms, beginning with BAB. In 2008, Barket partnered with the plaintiff, Toni Marie Angeli, to form nonparty Barket and Angeli, P.C. (hereinafter B & A). Their partnership ended in July 2009 when they executed a dissolution agreement relating to B & A (hereinafter the dissolution agreement). Barket joined nonparty Quadrino & Schwartz, LLP, shortly thereafter, before leaving in January 2012 to serve as a partner at the defendant Barket, Epstein, Kearon, Aides & Loturco, LLP (hereinafter BEKAL).
In 2018, a settlement was reached in a federal civil rights action that Barket and other attorneys had commenced on behalf of Tankleff (hereinafter the federal action), resulting in a legal fee. Based on their differing views regarding the effect and interpretation of the dissolution agreement, Angeli, Barket, and BEKAL disagreed on the percentage of the fee that Angeli was entitled to. Barket and BEKAL eventually agreed on a percentage of the fee that would be paid to [*2]Barket and Angeli for B & A's work on the federal action.
In April 2019, Angeli commenced this action against Barket and BEKAL. She asserted a cause of action against Barket to recover damages for breach of contact, and a cause of action against BEKAL to recover damages for tortious interference with contractual relations. The cause of action against BEKAL related solely to the fee dispute in the federal action, whereas Angeli alleged that Barket breached the dissolution agreement with regard to the fee dispute in the federal action and a variety of other matters. Barket and BEKAL separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. By order dated May 14, 2020, the Supreme Court granted both motions. Angeli appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88). "A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7). However, when evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one" (Berland v Chi, 142 AD3d 1121, 1122-1123 [citations omitted]; see Sokol v Leader, 74 AD3d 1180, 1181-1182).
"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of an enforceable contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach" (Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926). To succeed on a cause of action to recover damages for tortious interference with contractual relations, a plaintiff must establish, among other things, an actual breach by a third party of the contract that the defendant allegedly interfered with (see Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624).
Here, the Supreme Court properly directed dismissal of so much of the cause of action against Barket, to recover damages for breach of contract, as was predicated upon an alleged breach of the dissolution agreement, and the cause of action against BEKAL, to recover damages for tortious interference with contractual relations, pursuant to CPLR 3211(a)(7). The dissolution agreement, in relevant part, required only that Barket split any legal fee with Angeli that related to B & A's work on the federal action, and a breach of that obligation was not sufficiently alleged. Moreover, Angeli did not assert a breach of contract cause of action against BEKAL, nor did she allege that it assumed liability for the torts of another entity (see Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d 801, 802; Matter of AT & S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750, 752). In any event, her claims relating to the fee in the federal action were improperly brought in her individual capacity, as opposed to her derivative capacity on behalf of B & A. Her theory of liability—that B & A was entitled to a larger portion of the overall fee paid to Barket's various firms than the percentage Barket agreed to accept from BEKAL—involved personal harm she allegedly suffered that was embedded with alleged harm to B & A (see Patterson v Calogero, 150 AD3d 1131, 1133).
Further, the Supreme Court properly directed dismissal of the remaining portions of the breach of contract cause of action, asserted against Barket, as time-barred (see CPLR 3211[a][5]). Contrary to Angeli's contentions, after Barket established that the remaining claims against him were time-barred, Angeli failed to raise a question of fact as to whether Barket should have been prohibited from asserting a statute of limitations defense with regard to these claims based on the doctrine of equitable estoppel (see Jacobson Dev. Group, LLC v Yews, Inc., 174 AD3d 868, 869). Barket's alleged oral promises in 2011 that he would pay her the funds in question upon settlement of the federal action were insufficient to establish the type of deception, fraud, or misrepresentation necessary to invoke the doctrine (see Stubbs v Pirzada, 55 AD3d 597, 598; Santo B. v Roman Catholic Archdiocese of N.Y., 51 AD3d 956, 957-958; Stark v City of New York, 31 AD3d 530, 530). Regardless, Angeli failed to demonstrate that it was reasonable for her to rely upon these alleged statements in delaying pursuit of legal action against Barket (see Jacobson Dev. Group, LLC v Yews, [*3]Inc., 174 AD3d at 869).
The parties' remaining contentions need not be addressed in light of our determination.
Accordingly, the Supreme Court correctly granted Barket's and BEKAL's motions to dismiss the complaint insofar as asserted against each of them.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court