Nasca v Greene (2023 NY Slip Op 02317)

Nasca v Greene

2023 NY Slip Op 02317

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-01849
 (Index No. 602933/19)

[*1]Dean Nasca, appellant, 
v
Michael E. Greene, et al., respondents.

Dean Nasca, Bayport, NY, appellant pro se.
Armstrong Teasdale, LLP, New York, NY (Andrew T. Lolli of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for violation of Judiciary Law § 487 and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 8, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging violation of Judiciary Law § 487 and unjust enrichment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2019, the plaintiff commenced this action, inter alia, to recover damages for violation of Judiciary Law § 487 and unjust enrichment, alleging, among other things, that the plaintiff obtained a lien on certain real property owned by nonparty John Finocchio, and that the defendant attorneys colluded with Finocchio to transfer title to that property to nonparty 40-19 Realty, LLC (hereinafter the LLC), to circumvent the plaintiff's lien. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order dated January 8, 2020, the Supreme Court, among other things, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging violation of Judiciary Law § 487 and unjust enrichment. The plaintiff appeals.
"An attorney is liable under Judiciary Law § 487(1) if he or she is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" (Long Is. Med. Anesthesiology, P.C. v Rosenberg Fortuna & Laitman, LLP, 191 AD3d 864, 866 [alterations and internal quotation marks omitted]). "A cause of action alleging a violation of Judiciary Law § 487 must be pleaded with specificity" (Betz v Blatt, 160 AD3d 696, 698; see Long Is. Med. Anesthesiology, P.C. v Rosenberg Fortuna & Laitman, LLP, 191 AD3d at 866). Further, except where there is deceit directed against a court, Judiciary Law § 487 "applies only to wrongful conduct by an attorney in an action that is actually pending" (Mahler v Campagna, 60 AD3d 1009, 1012-1013; see Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 178; Meimeteas v Carter Ledyard & Milburn LLP, 105 AD3d 643, 643). Here, the plaintiff failed to allege wrongful conduct by the defendants during the course of a pending judicial proceeding or directed against a court. Rather, the alleged wrongful conduct involved the drafting of title documents and the securing of a mortgage, which occurred outside of a judicial proceeding (see Costalas v Amalfitano, 305 AD2d 202, 204; Hansen v Caffry, 280 AD2d 704, 705). Accordingly, the Supreme Court properly granted [*2]that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law § 487 for failure to state a cause of action.
"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006 [internal quotation marks omitted]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). "The theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d at 1006-1007 [alterations and internal quotation marks omitted]). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182, citing Sperry v Crompton Corp., 8 NY3d 204, 215). Thus, "a party must establish that it conferred a benefit upon the other party, and that the other party will retain that benefit without adequately compensating the first party therefor" (Beaman v Awaye Realty Mgt., LLC, 176 AD3d 1025, 1025; see Financial Assistance, Inc. v Graham, 191 AD3d 952, 956-957). Here, the plaintiff failed to allege that the defendants were enriched at the plaintiff's expense by the LLC's payment of attorneys' fees to the defendants (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182-183; Maple Med., LLP v Scott, 191 AD3d 81, 103-104, affd 38 NY3d 253). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging unjust enrichment for failure to state a cause of action.
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court