Franklin D. Nastasi Trust v Bloomberg, L.P. (2024 NY Slip Op 00892)

Franklin D. Nastasi Trust v Bloomberg, L.P.

2024 NY Slip Op 00892

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-03816
 (Index No. 603508/17)

[*1]Franklin D. Nastasi Trust, et al., appellants- respondents, 
v
Bloomberg, L.P., respondent, Eurotech Construction Corp., et al., respondents-appellants.

Spiro Harrison & Nelson, New York, NY (David B. Harrison of counsel), for appellants-respondents.
Bracewell LLP, New York, NY (Joshua C. Klein of counsel), for respondent and respondents-appellants Javier Paulino, Marilyn Francisco, Anthony Guzzone, Dale Summerville, and Lauren Smith.
Keogh Law Group, PLLC, New York, NY (Gerard L. Keogh of counsel), for respondent-appellant Eurotech Construction Corp.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and tortious inference with contract, the plaintiffs appeal, the defendants Javier Paulino, Marilyn Francisco, Anthony Guzzone, Dale Summerville, and Lauren Smith cross-appeal, and the defendant Eurotech Construction Corp. separately cross-appeals, from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered May 7, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Bloomberg, L.P., Javier Paulino, Marilyn Francisco, Anthony Guzzone, Dale Summerville, and Lauren Smith which were pursuant to CPLR 3211(a) to dismiss the first, second, sixth, tenth, eleventh, and twelfth causes of action, and granted that branch of the motion of the defendant Eurotech Construction Corp. which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action. The order, insofar as cross-appealed from by the defendants Javier Paulino, Marilyn Francisco, Anthony Guzzone, Dale Summerville, and Lauren Smith, denied those branches of the motion of the defendants Bloomberg, L.P., Javier Paulino, Marilyn Francisco, Anthony Guzzone, Dale Summerville, and Lauren Smith which were pursuant to CPLR 3211(a) to dismiss the eighth and ninth causes of action. The order, insofar as cross-appealed from by the defendant Eurotech Construction Corp., denied that branch of its motion which was pursuant to CPLR 3211(a) to dismiss the seventh cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Bloomberg, L.P., Javier Paulino, Marilyn Francisco, Anthony Guzzone, Dale Summerville, and Lauren Smith which were pursuant to CPLR 3211(a) to dismiss the eighth and ninth causes of action insofar as asserted against the defendants Dale Summerville and Lauren Smith, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants Dale Summerville and Lauren Smith payable by the plaintiffs.
In January 2005, the plaintiff Nastasi & Associates, Inc. (hereinafter N & A), entered into a services agreement with the defendant Bloomberg, L.P. (hereinafter Bloomberg), for construction work to be completed at Bloomberg's headquarters in New York City (hereinafter the 2005 agreement). Pursuant to the 2005 agreement, either party was entitled to terminate the agreement "at any time for any reason or no reason at all immediately upon written notice to the other party." On October 8, 2010, N & A and Bloomberg executed a "Statement of Work," listing the work to be performed and indicating that the statement was to be governed by the terms of the 2005 agreement. On April 23, 2015, the defendant Lauren Smith sent a letter to N & A, advising that Bloomberg was terminating the 2005 agreement and any outstanding statements of work.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract and tortious inference with contract against Bloomberg, the defendant Eurotech Construction Corp. (hereinafter Eurotech), and Smith and the defendants Javier Paulino, Marilyn Francisco, Anthony Guzzone, and Dale Summerville (hereinafter collectively the individual defendants). The plaintiffs alleged, among other things, that the individual defendants and Bloomberg (hereinafter collectively the Bloomberg defendants) conspired with Eurotech to terminate the plaintiffs' contract with Bloomberg and to replace the plaintiffs with Eurotech as the provider of construction services. The plaintiffs also alleged that Bloomberg had breached the terms of a 2010 master services agreement by providing notice of Bloomberg's termination of the 2005 agreement and any outstanding statements of work.
Thereafter, the Bloomberg defendants and Eurotech separately moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the second amended complaint insofar as asserted against each of them. In an order entered May 7, 2020, the Supreme Court, inter alia, (1) granted those branches of the Bloomberg defendants' motion which were to dismiss the first, second, sixth, tenth, eleventh, and twelfth causes of action, alleging, respectively, breach of contract against Bloomberg, breach of the implied covenant of good faith and fair dealing against Bloomberg, aiding and abetting tortious interference with contract against the individual defendants, fraud against Bloomberg and Francisco, aiding and abetting fraud against Smith and Summerville, and prima facie tort against the Bloomberg defendants; (2) denied those branches of the Bloomberg defendants' motion which were to dismiss the eighth and ninth causes of action, alleging, respectively, tortious interference with business relationship against the individual defendants and aiding and abetting tortious interference with business relationship against the individual defendants; (3) granted that branch of Eurotech's motion which was to dismiss the fifth cause of action, alleging tortious interference with contract against it; and (4) denied that branch of Eurotech's motion which was to dismiss the seventh cause of action, alleging tortious interference with business relationship against it. The plaintiffs appeal, the individual defendants cross-appeal, and Eurotech separately cross-appeals from the order.
"Under CPLR 3211(a)(1), a dismissal is warranted only if 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). The defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106).
"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of an enforceable contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach" (Angeli v Barket, 211 AD3d 896, 898 [internal quotation marks omitted]; see Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926). Here, the Bloomberg defendants submitted documentary evidence conclusively establishing that the 2005 agreement was in effect at the time of Bloomberg's notice of termination in accordance with the terms of that agreement, which entitled Bloomberg to terminate the agreement upon written notice. Moreover, the Bloomberg defendants' submissions utterly refuted the plaintiffs' allegations that the 2005 agreement had been replaced by a 2010 agreement and that Bloomberg breached the purported 2010 agreement by providing the notice of termination (see Long Is. Med. Anesthesiology, P.C. v Rosenberg Fortuna & Laitman, LLP, 191 AD3d 864, 865). Accordingly, the Supreme Court properly granted that branch of the Bloomberg [*2]defendants' motion which was to dismiss the first cause of action, alleging breach of contract against Bloomberg.
Similarly, since the defendants' submissions conclusively established that the purported 2010 agreement was not effective, the Supreme Court properly granted that branch of Eurotech's motion which was to dismiss the fifth cause of action, alleging tortious interference with contract against it with respect to the purported 2010 agreement, and those branches of the Bloomberg defendants' motion which were to dismiss the second and sixth causes of action, alleging, respectively, breach of the implied covenant of good faith and fair dealing against Bloomberg with respect to the purported 2010 agreement and aiding and abetting tortious inference with contract against the individual defendants with respect to the purported 2010 agreement (see id. at 865; Amalfitano v NBTY, Inc., 128 AD3d 743, 744-745).
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference" (Angeli v Barket, 211 AD3d at 897; see Leon v Martinez, 84 NY2d at 87). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Nassau Operating Co., LLC v DeSimone, 206 AD3d at 925).
"A plaintiff asserting a cause of action alleging fraud must plead all of the following elements: (1) a material misrepresentation or a material omission of fact which was false and which the defendant knew to be false, (2) made for the purpose of inducing the plaintiff to rely upon it, (3) the plaintiff's justifiable reliance on the misrepresentation or material omission, and (4) injury" (Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1043-1044; see Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli, 215 AD3d 699, 701). "A party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence" (KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d 872, 872; see Avery v WJM Dev. Corp., 197 AD3d 1141, 1144). Here, the Supreme Court properly granted that branch of the Bloomberg defendants' motion which was to dismiss the tenth cause of action, alleging fraud against Bloomberg and Francisco, as the plaintiffs failed to sufficiently allege reasonable reliance upon the alleged misrepresentations by Bloomberg and Francisco (see Avery v WJM Dev. Corp., 197 AD3d at 1145). Further, since a cause of action for aiding and abetting fraud cannot lie without the underlying fraud having been sufficiently pled, the court properly granted that branch of the Bloomberg defendants' motion which was to dismiss the eleventh cause of action, alleging aiding and abetting fraud against Smith and Summerville (see Nabatkhorian v Nabatkhorian, 127 AD3d at 1044).
"The requisite elements for a cause of action sounding in prima facie tort include (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal" (Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712; see Shahid v Slochowsky & Slochowsky, LLP, 208 AD3d 1381, 1382-1383). "To adequately plead prima facie tort, the complaint must plead the defendant's malicious intent or disinterested malevolence as the sole motive for the challenged conduct" (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772; see DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 776). "Special damages 'must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts'" (Shahid v Slochowsky & Slochowsky, LLP, 208 AD3d at 1383, quoting Luciano v Handcock, 78 AD2d 943, 944). Here, the conclusory allegations in the second amended complaint were insufficient to allege special damages or that malicious intent or disinterested malevolence was the sole motive for the challenged conduct (see Influx Capital, LLC v Pershin, 186 AD3d 1622, 1625). Accordingly, the Supreme Court properly granted that branch of the Bloomberg defendants' motion which was to dismiss the twelfth cause of action, alleging prima facie tort against them.
"To prevail on a claim for tortious interference with business relations, a party must [*3]prove: (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 741; see Long Is. Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund, 215 AD3d 942, 943). "To recover damages for aiding and abetting tortious conduct, a plaintiff must allege knowledge of the alleged tortious conduct by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the tortious conduct" (Land v Forgione, 177 AD3d 862, 864). Here, the second amended complaint sufficiently alleged that N & A had a business relationship with its employees, which Eurotech knew of, and that Eurotech intentionally interfered with N & A's business relationship through improper and illegal means, including threats and bribes, thereby causing the termination of the business relationship. Accordingly, the Supreme Court properly denied that branch of Eurotech's motion which was to dismiss the seventh cause of action, alleging tortious interference with business relationship against it.
Further, the second amended complaint sufficiently alleged that Paulino, Francisco, and Guzzone intentionally conspired with Eurotech to induce Eurotech's tortious interference with business relationship. Accordingly, the Supreme Court properly denied those branches of the Bloomberg defendants' motion which were to dismiss the eighth and ninth causes of action, alleging, respectively, tortious interference with business relationship and aiding and abetting tortious interference with business relationship, insofar as asserted against Paulino, Francisco, and Guzzone. However, the court should have granted those branches of the Bloomberg defendants' motion which were to dismiss the eighth and ninth causes of action insofar as asserted against Smith and Summerville, as the second amended complaint did not make any specific allegations that those defendants were involved in conduct intended to induce an interference with business relationship (see Lesesne v Lesesne, 292 AD2d 507, 509).
The plaintiffs' remaining contentions are without merit.
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court