Sander v Westchester Reform Temple (2024 NY Slip Op 03064)

Sander v Westchester Reform Temple

2024 NY Slip Op 03064

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-05342
 (Index No. 55745/22)

[*1]Jessie Sander, appellant, 
v
Westchester Reform Temple, et al., respondents.

Profeta & Eisenstein (Herbst Law PLLC, New York, NY [Robert L. Herbst and Benjamin J. Ashmore, Sr.], of counsel), for appellant.
Yankwitt LLP, White Plains, NY (Michael H. Reed and Russell M. Yankwitt of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated June 13, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that she was terminated from her employment as an instructor at the defendant Westchester Reform Temple (hereinafter WRT) after the director of WRT learned that the plaintiff had co-authored a blog post that was published on her public website which expressed anti-Zionist views and was critical of Israel. The plaintiff commenced this action, alleging that the termination of her employment violated Labor Law § 201-d(2)(c), which bars an employer from discharging an employee because of the employee's legal recreational activities outside work hours. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion. The plaintiff appeals.
The Supreme Court properly granted dismissal of the complaint pursuant to CPLR 3211(a)(7). "On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference" (Angeli v Barket, 211 AD3d 896, 897; see Leon v Martinez, 84 NY2d 83, 87). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 926).
Even assuming, without deciding, that blogging is a protected recreational activity under Labor Law § 201-d, the complaint alleges that the plaintiff was discharged, not for the activity [*2]of blogging, but for the content of the blog post. Thus, we agree with the Supreme Court that the plaintiff was not discharged due to a protected recreational activity within the scope of Labor Law § 201-d(2)(c) (see id.; Bilquin v Roman Catholic Church, Diocese of Rockville Ctr., 286 AD2d 409). Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of the foregoing, we do not reach the parties' remaining contentions.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court