24-2371
*Gelb v. Niblack*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-five.

PRESENT:
　　　　　RICHARD J. SULLIVAN,
　　　　　JOSEPH F. BIANCO,
　　　　　STEVEN J. MENASHI,
　　　　　　　*Circuit Judges.*

_____

BERNARD GELB,

　　　　　*Plaintiff-Appellant,*

　　　　　v.　　　　　　　　　　　　　　　　No. 24-2371

PRESTON NIBLACK, individually and in his official capacity as Commissioner of the NYC Department of Finance, NEW YORK CITY DEPARTMENT OF FINANCE,

　　　　　*Defendants-Appellees.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | BERNARD GELB, *pro se*, Rego Park, NY. |
| **For Defendants-Appellees:** | REBECCA L. VISGAITIS (Ingrid R. Gustafson, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 13, 2024 judgment of the district court is **AFFIRMED**.

Bernard Gelb, proceeding *pro se*, appeals the district court's denial of his motion for default judgment and dismissal of his amended complaint, which alleged that the New York City Department of Finance and its Commissioner (collectively, "Defendants") violated the Due Process Clause and Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the New York Freedom of Information Law ("FOIL"). In essence, Gelb alleged that Defendants' policy of cancelling tax-refund checks six months after issuance without providing the recipients notice prior to cancellation violated the recipients' constitutional rights. Gelb also alleged that Defendants violated his constitutional rights and the FOIL by failing to provide him with

certain information about the recipients whose refund checks had been cancelled. On appeal, Gelb only argues that the district court erred by (1) holding that he lacked standing to sue on behalf of refund recipients and (2) refusing to grant his motion for default judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and issues on appeal.

We review a district court's dismissal for lack of standing *de novo*. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 357 (2d Cir. 2016). To survive such a motion, a plaintiff must show by a preponderance of the evidence that the court has the power to adjudicate the case. *See Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015); *Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 15 (2d Cir. 2023). The plaintiff therefore must "clearly allege facts demonstrating [that] each element" of standing has been met. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (alterations accepted and internal quotation marks omitted).

While litigants are typically barred "from asserting the rights or legal interests of others in order to obtain relief from injury to themselves," *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 40 (2d Cir. 2015) (internal quotation marks omitted), the Supreme Court has "recogniz[ed] that there may be circumstances where it is

3

necessary to grant a third party standing to assert the rights of another," *Kowalski v. Tesmer*, 543 U.S. 125, 129–30 (2004). To do so, a third-party plaintiff must establish, among other things, "(1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *Keepers, Inc.*, 807 F.3d at 41 (internal quotation marks omitted).

Gelb argues on appeal that the district court erred by holding that he failed to establish a close relationship with the refund recipients. He insists that such a close relationship existed because he, as a potential vendor, would serve as an effective proponent of the refund recipients' rights given that they would be his potential customers. We disagree. Although the Supreme Court has held that vendors may sue on behalf of their customers under certain circumstances, *see, e.g.*, *Craig v. Boren*, 429 U.S. 190, 195 (1976), it has made clear that there is a difference between "existing" and "hypothetical" relationships, *Kowalski*, 543 U.S. at 131. Ultimately, the Court in *Kowalski* determined that the plaintiffs did not have third-party standing to sue on behalf of hypothetical clients, in part because the plaintiffs did not have "a close relationship with their alleged clients" and, "indeed, . . . ha[d] no relationship at all." *Id.* (internal quotation marks omitted). The Court also explained that the plaintiffs did not have a close relationship with the

4

potential clients because their case did not "fall[] within th[e] class of cases where [the Court] ha[s] allowed standing to litigate the rights of third parties when enforcement of the challenged restriction *against the litigant* would result indirectly in the violation of third parties' rights." *Id.* (internal quotation marks omitted). Like the plaintiffs in *Kowalski*, Gelb has no relationship whatsoever with the refund recipients, and he has not alleged that the challenged restriction was enforced against him, let alone that such enforcement would result indirectly in the violation of third-party rights.

Gelb attempts to sidestep *Kowalski* by arguing that the Supreme Court overruled it in *June Medical Services L.L.C. v. Russo*, 591 U.S. 299 (2020). But while it is true that the Court in *June Medical Services* found that abortion providers had third-party standing to represent potential patients in challenging a law that regulated the providers' own conduct, the Court based that holding on the longstanding practice of "permit[ing] abortion providers to invoke the rights of their . . . potential patients in challenges to abortion-related regulations," which turned on the fact that "the 'enforcement of the challenged restriction *against the litigant* would result indirectly in the violation of third parties' rights.'" 591 U.S. at 138 (quoting *Kowalski*, 543 U.S. at 130). Far from overruling *Kowalski*, the Court

5

in *June Medical Services* reaffirmed *Kowalski*'s holding that a plaintiff may have third-party standing where enforcement of the challenged restriction against that plaintiff indirectly violates third-party rights. *See Kowalski*, 543 U.S. at 130. Because Gelb – like the plaintiffs in *Kowalski*, and *unlike* the plaintiffs in *June Medical Services* – did not show that the challenged restriction was even enforced against him, he cannot assert third-party standing to sue on behalf of the refund recipients.[1]

But even if Gelb could establish a close relationship with the refund recipients, which he has not, he would still lack third-party standing because he has not shown a barrier to the refund recipients' ability to assert their own interests. Gelb argues that Defendants' failure to inform the refund recipients that their checks would be canceled six months after issuance hindered the recipients' ability to pursue their own interests. But as the district court correctly noted, the refund recipients could not have been unaware of their entitlement to a refund, since they were already in possession of a refund check. *See* Dist. Doc. No. 23 at 8. Nor could they have been oblivious to the cancellation of those checks after six

---

[1] Gelb also argues that *Lepelletier v. F.D.I.C.*, 164 F.3d 37 (D.C. Cir. 1999), controls here. But *Lepelletier* is an out-of-circuit case that pre-dates *Kowalski*, which makes clear that a vendor does not have third-party standing to challenge, on behalf of potential clients, a governmental action that does not directly regulate the vendor's conduct. *See Kowalski*, 543 U.S. at 125.

months, because any person who attempted to cash or deposit a cancelled check after six months would be prevented from doing so. *See id.* Given the facts alleged in his own pleadings, Gelb has not articulated how a lack of notice created a barrier to the refund recipients' ability to "assert[] their own interests." *Keepers, Inc.*, 807 F.3d at 42; *see Kowalski*, 543 U.S. at 131–33. We therefore agree with the district court that Gelb lacks third-party standing to assert constitutional claims on behalf of the refund recipients, who were perfectly capable of asserting their own claims.

With respect to his FOIL claims, Gelb failed to present any argument as to how the district court erred by dismissing his individual constitutional claims or by refusing to exercise supplemental jurisdiction over his state-law claims. Accordingly, he has forfeited any such challenges on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (concluding that *pro se* appellant abandoned challenges "he did not raise . . . in his appellate brief"); *see also JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are [forfeited] even if the appellant pursued those arguments in the district court or raised them in a reply brief."); *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by

some effort at developed argumentation, are deemed [forfeited]." (internal quotation marks omitted)).

Finally, we reject Gelb's contention that the district court erred by denying his motion for default judgment. As an initial matter, we note that Defendants filed a motion for a pre-motion conference "within the time requirements of Federal Rule of Civil Procedure 12," which the district court's individual rules deem to be "timely service of a motion made pursuant to those provisions." App'x at 7. More importantly, given Gelb's lack of standing to sue on behalf of the refund recipients and his failure to state a claim for relief on his FOIL claims, the district court properly dismissed his complaint, thereby mooting his motion for a default judgment. *See, e.g.*, *Haggerty v. Ciarelli & Dempsey*, 374 F. App'x 92, 94 (2d Cir. 2010) (dismissing *pro se* plaintiff's motion for default judgment as moot after determining that he failed to state a claim upon which relief could be granted).

\* \* \*

We have considered Gelb's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8